FILED

JEANNE A. NAUGHTON, CLERK

FEB - 5 2018

U.S. BANKRUPTCY COURT
CAMDEN, N.J.
BY_____DEPUTY

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

---

In re:

JOSEPH KAYATI, JR.,

        Debtor.

Case No. 15-24280 (JNP)

Chapter 13

---

## MEMORANDUM DECISION DENYING MOTION TO RECUSE JUDGE

**JERROLD N. POSLUSNY, JR., U.S. Bankruptcy Judge**

    Before the Court is a motion filed by Joseph Kayati, Jr. (the "Debtor"), pursuant to sections 144 and 455 of Title 28 of the United States Code requesting that I recuse myself from the instant case (the "Recusal Motion"). Because the Debtor has not raised any factual allegations indicating any bias or perceived bias, and for the reasons stated below, the Recusal Motion will be denied.

### Jurisdiction

    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(a) and (b)(1). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. Consideration of this Motion constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A) & (O).

### Background

    The Debtor filed a petition for relief under Chapter 13 of Title 11 of the United States Code (the "Code") on July 30, 2015 (the "Petition Date"). This case was dismissed on July 11, 2016, but was reinstated and converted to Chapter 11 on November 29, 2016. The Case was re-converted to Chapter 13 on January 24, 2017. Several creditors have received relief from the automatic stay. See Dkt. Nos. 83, 179, 183. The Debtor is ineligible for discharge, due to a prior discharge. See Dkt. No. 112.

A.    The DiMeos' Claim

On the Petition Date, the Debtor was, and still is, the plaintiff in litigation in the Superior Court of New Jersey, Atlantic County, (the "State Court Action") against Michael DiMeo, Jr. and Michael DiMeo, Sr. (collectively, the "DiMeos"). The DiMeos have filed at least one counterclaim against the Debtor, claiming the lawsuit is frivolous and demanding attorney fees. On this basis, the DiMeos filed a priority proof of claim ("Claim No. 1") in the amount of $148,872.58 for "attorney fees for frivolous lawsuit" stemming from the State Court Action. The Debtor filed an objection to Claim No. 1. Dkt. No. 30. On October 8, 2015, this Court entered an order reclassifying Claim No. 1 as an unsecured contingent claim, but denying the Debtor's motion to disallow, "without prejudice to renew the motion after the state court litigation concludes." Dkt. No. 64. The Court found that this was a state law claim, based on litigation that was ongoing before a state court judge, and as such, the state court should determine whether the DiMeos have a valid claim for attorney fees under state law. After the state court makes that determination, the Debtor is free to return to this Court and present whatever argument he has as to why Claim No. 1 should be disallowed in the bankruptcy case. Despite this ruling, the Debtor filed a motion to reconsider ("Motion to Reconsider"), and, one week later while the State Court Action was still pending, filed a motion for an evidentiary hearing ("Motion for Evidentiary Hearing"), to "challenge the bona fines of the August 5, 2016 proof of claim of creditors Michael DiMeo, Sr. and Michael DiMeo Jr. . . .." Dkt. No. 103.

On November 15, 2016 the Court denied the Motion to Reconsider and the Motion for Evidentiary hearing. Dkt. No. 107. The Decision explained that a "claim" in bankruptcy is defined extremely broadly, and that Claim No. 1 set forth sufficient factual details to establish the amount of the indebtedness. See, e.g., Johnson v. Home State Bank, 501 U.S. 78, 83 (1991). The Court then reiterated to the Debtor that his argument "was premature, the DiMeos intend to seek recovery

of attorney's fees in state court, and their right to payment has not yet been decided, and they possess a 'claim' as it is defined by the bankruptcy code." Dkt. No. 107. The Court repeated that "if and when the state court determined that the DiMeos are allowed to recover attorney's fees, the Debtor may come back at that point to renew his objection to the claim." Dkt. No. 107. Finally, the Court explained that there was no reason to schedule an evidentiary hearing at that time in light of the fact that the state court has not issued its ruling on the attorney fees. An Order was entered memorializing this decision (Order Denying Reconsideration and Evidentiary Hearing). Dkt. No. 108.

The Debtor appealed the Order Denying Reconsideration and Evidentiary Hearing. Dkt. No. 109. However, on May 10, 2017, the Debtor wrote a letter to the district court, withdrawing the appeal and stating that "As a result of reviewing the transcript I now understand that the [bankruptcy] court greatly assisted me in my petition by modifying [Claim No. 1] to a contingent claim permitting my bankruptcy to move forward." Dkt. No. 244-1.

### B.   The Stay Relief Motion

At some point after the Petition Date, the Debtor filed an amended complaint in the State Court Action to add Frank and William DiMeo ("Frank and William") as Defendants. Neither had been listed as creditor in the Bankruptcy Case. Frank and William filed an answer and counterclaim. At a hearing in the State Court Action on March 7, 2017, it was revealed that the automatic stay had not been lifted as to Frank and William, and the state court, in the interest of judicial economy, halted all proceedings in the State Court Action, not just those related to Frank and William, until the automatic stay was lifted. At that state court hearing it was also indicated that the attorney for Frank and William in the State Court Action, Frank Olivio, did not have a CM/ECF password that would permit him to file electronically in the bankruptcy court. As a result, in March 2017, the DiMeos' Attorney filed a motion for relief from the automatic stay as to Frank

and William, so that the state court would permit the entire State Court Action to move forward. Dkt. No. 165. The DiMeos' Attorney, Mr. Hahn, submitted a certification in support of the motion for relief, wherein he incorrectly stated that Frank Olivio was not admitted to the District of New Jersey, rather than merely being unable to file electronically. The Debtor opposed this motion, and filed a motion requesting sanctions for violation of the automatic stay. Dkt. No. 170.

A joint hearing on both the motion for relief and the motion for sanctions was held on April 18, 2017 ("April 18 Hearing"). The Debtor argued that Mr. Hahn had submitted inaccurate certifications, that Frank and William filing a counterclaim without stay relief warranted sanctions, and finally that stay relief should be denied. Dkt. No. 187. However, the Debtor stated that he was in favor of the stay being lifted so the entire State Court Action could move forward. When asked by the Court to explain why he wanted stay relief granted, but opposed the DiMeos' motion for stay relief, the Debtor stated "I am opposing the stay relief itself from the mechanics that were used to try to achieve that goal . . .." Dkt. No. 187. The Court entered an order denying the motion for sanctions and granted the motion for relief. Dkt. Nos. 183 and 184.

C.    The Recusal Motion

On October 27, 2017, the Debtor filed this Recusal Motion. Dkt. No. 243. Although there are many allegations, they can be placed into four broad groups: (1) factual allegations involving the Honorable Ann Marie Donio; (2) factual allegations involving the Chapter 13 Trustee; (3) factual allegations related to the State Court Action; and (4) factual allegations related to myself as Judge. Dkt. No. 243. As this Motion requests that I disqualify myself, the allegations related to me are the only ones relevant to this decision; although the allegations sometimes cover more than one of these categories.

The Debtor makes several allegations expressing his displeasure with my decision to allow and reclassify Claim No. 1, despite what he claims was a lack of supporting evidence, and that this

4

decision allowed the State Court Action to move forward. The Recusal Motion also states that I denied his motion to reconsider and his motion for an evidentiary hearing regarding the validity of Claim No. 1. The Debtor also alleges the documentation supporting Claim No. 1 indicates a number of ex parte communications between the DiMeos' attorney and Judge Burns' chambers. Id. The Recusal Motion also alleges that I inappropriately allowed the DiMeos to object to his confirmation, despite a lack of legal basis to allow them to do so. Following this, the Recusal Motion alleges that the Trustee has been in cahoots with the DiMeos and, with the Court's help, has filed a motion to dismiss his case pending a resolution of the State Court Action. The Debtor states that my decision has prejudiced him, by requiring him to submit a certification in defense of his Chapter 13 thus shifting the burden to him to establish that he is entitled to be in bankruptcy.

Beyond these allegations regarding specific rulings I made, the Debtor alleges that I have shown favoritism to the DiMeos by, for example, continuing with a confirmation hearing despite the DiMeos' attorney, Mr. Hahn, not being present and ignoring the Debtor's complaints regarding the DiMeos' conduct in the State Court Action. Further, the Debtor alleges I ignored the problems with certifications submitted by Mr. Hahn, and that I request Court Security Officers be present in the Courtroom during his hearings to intimidate him. The Debtor further complains that I improperly closed his adversary proceeding against the DiMeos. Finally, the Debtor makes a broad statement that the DiMeos' connections are preventing him from moving forward in his State Court Action and in this bankruptcy.

D.    Additional Allegations

The Debtor also makes multiple other allegations unrelated to me. First, the Debtor alleges that Judge Donio has a familial relationship with a supplier for the DiMeos, and further that she is "Judge Poslusny's magistrate" and must recuse herself from this case. He simultaneously alleges that the Chapter 13 Trustee has supported his claim in state court and is working to prevent his

case from moving forward. Finally, he makes multiple allegations regarding the conduct of the DiMeos in the State Court Action.

The DiMeos oppose the Recusal Motion pointing out that the Debtor had appealed this Court's Order Denying Reconsideration and Evidentiary Hearing, but later withdrew that appeal with a letter stating that the Debtor now believed the Court was trying to help him with its decision. Dkt. No. 244. The DiMeos argue it is inconsistent that the Debtor is now using those same decisions as evidence of bias against him. The parties consented to the Court ruling on the papers without holding a hearing, which is permissible under § 102(1) of the Code.

### Discussion

In considering a motion for recusal, a district court judge is governed by 28 U.S.C. § 144 and 28 U.S.C. § 455. Jacobsen v. Hartford Ins. Co. Flood & Home (Sandy), 2017 WL 3749749, at *1 (D.N.J. Aug. 30, 2017) (citing United States v. Nobel, 696 F.2d 231, 235 n.7 (3d Cir. 1982) (describing the two statutes as "overlapping provisions" that provide the grounds for disqualification)). In this case, the Debtor has specifically referenced 28 U.S.C. §§ 144, 455(a), (b)(1), (b)(2), (b)(5)(ii), (iii), (iv) in his Motion, so the Court will consider both possible statutory bases for recusal.

Initially, it is well settled that 28 U.S.C. § 144 by its terms does not apply to bankruptcy judges. Dubnoff v. Goldstein, 385 F.2d 717, 720 (2d Cir.1967); See also In re Syntax-Brillian Corp., 400 B.R. 21, 25 (Bankr. D. Del. 2009); In re Mayer, 1996 WL 156536, at *2 (Bankr. E.D. Pa. Apr. 2, 1996); In re Medrano Diaz, 182 B.R. 654, 658 (Bankr. D.P.R. 1995); In re Norton, 119 B.R. 332, 334–35 (Bankr. N.D. Ga. 1990) (citing Ginger v. Cohn, 255 F.2d 99 (6th Cir. 1958)); Lieb v. Tillman (In re Lieb), 112 B.R. 830, 833 n. 1 (Bankr. W.D. Tex. 1990); In re Foster Iron Works, Inc., 3 B.R. 715, 718 (S.D. Tex.1980); In re Casco Bay Lines, Inc., 25 B.R. 747, 757 (B.A.P. 1st Cir. 1982); In re Olson, 20 B.R. 206, 209 (D. Neb. 1982).

Moreover, Federal Rule of Bankruptcy Procedure ("Rule") 5004 states that "'a bankruptcy judge shall be governed by 28 U.S.C. § 455' in matters of disqualification, which by implication appears to exclude § 144." In re Mayer, 1996 WL 156536, at *2–3 (Bankr. E.D. Pa. Apr. 2, 1996) (quoting Fed. R. Bankr. P. 5004). Thus, any motion for recusal in this case can properly be based only on 28 U.S.C. § 455. Id.

However, as noted above, § 144 and § 455 are overlapping provisions. Nobel, 696 F.2d at 235 n.7. Further, as will be explained below, because §455 does not clearly delineate a procedure, courts look to § 144, which sets forth a procedure by which a party may seek a judge's recusal. United States v. Furst, 886 F.2d 558, 582 (3d Cir. 1989). As a result, it is instructive to review § 144 in conjunction with § 455.

Under both §§ 144 and 455, the legal standard for recusal is the same – bias. N'Jai v. Bentz, 2016 WL 3261892, at *2 (W.D. Pa. June 14, 2016). The bias required before recusal under either § 144 or § 455 almost always "must stem from an extrajudicial source." Liteky v. United States, 510 U.S. 540, 544 (1994). The Supreme Court stated "judicial rulings alone almost never constitute a valid basis for bias or partiality motion" for disqualification. Id. at 555. Moreover, the Third Circuit has held that "a party's displeasure with legal rulings does not form an adequate basis for recusal." Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000) (citing In re TMI Litig., 193 F.3d 613, 728 (3d Cir.1999); Jones v. Pittsburgh Nat'l Corp., 899 F.2d 1350, 1356 (3d Cir. 1990)). The Third Circuit reinforced the point that disqualification and recusal should not be methods of "judge shop[ping]." N'Jai, 2016 WL 3261892, at *2 (citing In re Earl A. Pondexter, 2013 WL 5229973, at *1 (3d Cir. Sept. 18, 2013)). In order to establish the level of bias necessary to require recusal, facts that arise during the course of litigation are usually insufficient. Further, "opinions formed by a judge on the basis of events occurring in the course of prior proceedings do not constitute a basis for a bias motion under 28 U.S.C. §§ 144, 455(a) and

455(b)(1), unless they display a deep-seated antagonism that would make fair judgment impossible." Atwell v. Schweiker, 274 Fed. Appx. 116, 117 (3d Cir. 2007) (citing Liteky, 510 U.S. at 555).

Although the legal standard of recusal is the same under both §§ 144 and 455, the provisions differ slightly. N'Jai, 2016 WL 3261892, at *2.

## I.    28 USC § 144

Section 144 of Title 28 of the U.S. Code reads:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of an adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

Petrossian v. Cole, 2014 WL 12656608, at *1 (D.N.J. Sept. 18, 2014), aff'd, 613 F. App'x 109 (3d Cir. 2015) (quoting 28 U.S.C. § 144).

Section 144 requires district court judges to recuse themselves if a party timely files a sufficient affidavit, setting forth factual statements showing the judge has personal bias or prejudice against a party. Furst, 886 F.2d at 582 n. 32. The language of § 144 requires that, when a party files an affidavit pursuant to §144, "[n]either the truth of the allegations nor the good faith of the pleader may be questioned, regardless of the judge's personal knowledge to the contrary." Mims v. Shapp, 541 F.2d 415, 417 (3d Cir. 1976) (citing Berger v. United States, 255 U.S. 22, (1921)). "[T]he section withdraws from the presiding judge a decision upon the truth of the matters alleged." United States v. Townsend, 478 F.2d 1072, 1073 (3d Cir. 1973) (quoting Berger, 255 U.S. at 36).

However, "The mere filing of an affidavit under this section does not automatically disqualify a judge." Id. 478 F.2d at 1073 (citing Behr v. Mine Safety Appliances Co., 233 F.2d 371 (3d. Cir.), cert. denied, 352 U.S. 942 (1956); United States v. Dansker, 537 F.2d 40, 53 (3d.

8

Cir. 1976); Sandy, 2017 WL 3749749, at *1. Only the filing of a timely and sufficient affidavit will result in such a disqualification. Townsend, 478 F.2d at 1073. As the Third Circuit explained, the judge "has authority to decide whether the claim of bias is legally sufficient." Behr 233 F.2d at 372. It is the duty of the judge against whom a § 144 affidavit is filed to pass upon the legal sufficiency of the facts alleged. Townsend, 478 F.2d at 1073.

However, an affidavit is only legally sufficient, if the facts alleged therein: (1) are material and stated with particularity; (2) would convince a reasonable person that a bias exists; and, (3) evince bias that is personal, as opposed to judicial in nature. Victor v. Lawler, 2011 WL 703621, at *3 (M.D. Pa. Feb. 18, 2011) (citing United States v. Thompson, 483 F.2d 527, 528 (3d Cir.1973)). "Conclusory statements and opinions" made by a litigant in his 28 U.S.C. § 144 affidavit "need not be credited" and is "insufficient and does not require recusal under § 144." Hill v. Carpenter, 323 Fed. Appx. 167, 170 (3d Cir. 2009).

Additionally, "[t]o ensure that motions for recusal are not being used purely to avoid adverse outcomes, Section 144 requires recusal motions to be timely." Sandy, 2017 WL 3749749, at *2 (citing 28 U.S.C. § 144). "[A] party's disappointment with what the party anticipates may be the court's rulings cannot form the basis for recusal." Id. (quoting Lease v. Fishel, 712 F. Supp. 2d 359, 373 (M.D. Pa. 2010)). Almost universally, courts have found that the time requirement laid out in § 144 requires a party to raise the issue of disqualification "at the earliest moment after acquiring knowledge of the facts providing a basis for disqualification." United States v. Bravo Fernandez, 792 F. Supp. 2d 178, 182 (D.P.R. 2011) (citing Jones v. Pittsburgh Nat. Corp., 899 F.2d 1350, 1356 (3rd Cir.1990) (finding that a recusal motion filed after entry of an order dismissing complaint and imposing sanctions was not timely because "[a]ny other conclusion would permit a party to play fast and loose with the judicial process by 'betting' on the outcome."); Ultimately, the Third Circuit has described the timeliness requirement as one of 'reasonable

diligence.' Lease, 712 F. Supp. 2d at 374 (citing Furst, 886 F.2d at 581 n. 30).

In this case, as noted, because I am a bankruptcy judge, § 144 is inapplicable. Further, I

find the affidavit both legally insufficient and untimely and that as such, recusal under § 144 would

not be appropriate, even if § 144 were applicable. This case was filed on July 30, 2015, and the

Debtor does not reference any newly discovered facts about me in his affidavit, that were not

available to him when the case began almost 30 months earlier. Thus, I do not find that the affidavit

would have been timely. All of the facts alleged about me that were not known to the Debtor on

the Petition Date are directly related to judicial rulings I made, and these do not form a sufficient

basis to require recusal. There is not a single extrajudicial fact alleged about myself, or my relations

or biases. Thus, none of the allegations are material, because none evince a personal bias. As such,

and for the more detailed reasons below, I find recusal would not be appropriate under § 144.

## II.    28 USC § 455

As noted, § 455, unlike § 144, is applicable to bankruptcy judges. Section 455 provides

that a judge "shall disqualify himself" if one or more of several enumerated circumstances are met.

28 U.S.C. § 455. Syntax-Brillian, 400 B.R. at 25. The pertinent portions of 28 U.S.C. § 455 provide

as follows:

> (a) Any justice, judge, or magistrate of the United States shall
> disqualify himself in any proceeding in which his impartiality might
> reasonably be questioned.

Mayer, 1996 WL 156536, at *3. Disqualification is also required under subsection (b):

> (1) Where he has a personal bias or prejudice concerning a party, or
> personal knowledge of disputed evidentiary facts concerning the
> proceeding;

> (2) Where in private practice he served as lawyer in the matter in
> controversy, or a lawyer with whom he previously practiced law
> served during such association as a lawyer concerning the matter, or
> the judge or such lawyer has been a material witness concerning it;

*  *  *

10

(5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:
>    (i) Is a party to the proceeding, or an officer, director, or trustee of a party;
>    (ii) Is acting as a lawyer in the proceeding;
>    (iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
>    (iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

In re Trafford Distrib. Ctr., Inc., 435 B.R. 745, 748 (Bankr. S.D. Fla. 2010).

Section 455(b) contains per se rules that list particular circumstances requiring recusal. In re Norton, 119 B.R. 332, 338 (Bankr. N.D. Ga. 1990). Section 455(b) contemplates a subjective standard and identifies specific circumstances under which a judge is required to disqualify himself or herself on account of an actual (as opposed to perceived) bias or conflict. Subsection 455(b)(2) and (5) call for recusal in circumstances where the judge has "served as [a] lawyer in the matter in controversy" while in private practice) or where the judge is "within the third degree of relationship" to a party, lawyer, or material witness). Liteky v. United States, 510 U.S. 540, 548 (1994). Subsection 455(b)(1) calls for recusal by the judge where he has a "personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." Syntax-Brillian, 400 B.R. at 25 (citing 28 U.S.C. § 455(b)(1)). As such, under (b)(1), a judge must recuse himself if there is actual bias on his part. Id.

> In this way, § 455(b)(1) entirely duplicates the grounds of recusal set forth in § 144 ("bias or prejudice"), but (1) made them applicable to all justices, judges, and magistrates (and not just district judges), and (2) placed the obligation to identify the existence of those grounds upon the judge himself, rather than requiring recusal only in response to a party affidavit.

Liteky, 510 U.S. at 548 (emphasis in original).

By contrast, § 455(a) is an objective test, requiring recusal from any proceeding in which his impartiality might be questioned. Furst, 886 F.2d at 582 n. 32. The test for recusal is whether

"a reasonable man knowing all the circumstances would harbor doubts concerning the judge's impartiality." Edelstein v. Wilentz, 812 F.2d 128, 131 (3rd Cir.1987). The nature and legal sophistication of this hypothetical "reasonable man" fall somewhere between that of a judge and a person who is "unduly suspicious or concerned about a trivial risk that a judge may be biased." Syntax-Brillian, 400 B.R. at 26 (citing United States v. DeTemple, 162 F.3d 279, 287 (4th Cir.1998)). Under this test, a judge is required to recuse himself even when there is only "an appearance of bias, regardless of whether there is actual bias." Id.; In re Kensington Int'l Ltd., 368 F.3d 289, 301 (3d Cir. 2004) (section 455(a) requires recusal where a "reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned."). Section 455(a)'s provisions "require ... 'bias and prejudice' ... to be evaluated on an objective basis, so that what matters is not the reality of bias or prejudice but its appearance." Lease v. Fishel, 712 F. Supp. 2d 359, 373 (M.D. Pa. 2010), aff'd, 2010 WL 4318833 (M.D. Pa. Oct. 22, 2010) (quoting Liteky, 510 U.S. at 548). Indeed, as the Third Circuit described:

> The major benefit that a party receives by filing a motion for disqualification under section 455 instead of section 144 is that section 455(a) obviates the need to assert actual bias—if it is shown that the judge's impartiality might reasonably be questioned recusal is required. To the extent that [Movant's] motion asserted only actual bias under section 455(b) he would have received no discernable benefit from filing under this section.

Furst, 886 F.2d at 582. The overwhelming majority of courts have concluded that this language calls for a motion to disqualify to be heard by the judge whose disqualification is sought. Id.

Section 455 as a whole is distinct from § 144 in several other key aspects. Beyond the fact that § 144 does not apply to bankruptcy judges, § 455 applies regardless of whether a formal motion is filed and requires recusal when a judge's impartiality "might reasonably be questioned," 28 U.S.C. § 455(a), or "[w]here [the judge] has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1). N'Jai, 2016 WL 3261892, at *2. Thus, under § 455, no affidavit is required

to be filed and instead, a "judge is expected to recuse <u>sua sponte</u>, where necessary, even if no party has requested it." <u>In re Martinez-Catala</u>, 129 F.3d 213, 220 (1st Cir. 1997). Moreover, if such an affidavit or motion is filed, the majority of courts have held that a court is not bound to blindly accept all allegations contained therein as true. <u>See In re Goodwin</u>, 194 B.R. 214, 222 (B.A.P. 9th Cir. 1996) (In a motion to recuse under § 455, the judge is not required to take the factual allegations as true); <u>Hinman v. Rogers</u>, 831 F.2d 937, 939 (10th Cir. 1987) (same); <u>United States v. Greenough</u>, 782 F.2d 1556, 1558 (11th Cir.1986) (same); <u>Phillips v. Joint Legislative Committee</u>, 637 F.2d 1014, 1019–1020 n. 6 (5th Cir.1981), <u>cert. denied</u>, 456 U.S. 960 (1982) (same); <u>Isby v. Bennet</u>, 2016 WL 5851603, at *1 (S.D. Ind. Oct. 6, 2016). The Third Circuit has not issued a definitive ruling on this issue, instead stating that "we need not resolve the issue of whether a judge need accept as true the allegations presented in a motion for disqualification under § 455" but found that

> where the basic underlying facts as set forth in the affidavit supporting a recusal application are not in dispute, the district court should not minutely examine the movant's characterization of them, and weigh the court's memory of what happened against that of the affiant.

<u>Furst</u>, 886 F.2d at 583. The final distinction between §§ 144 and 455 is that, although some courts have read a timeliness requirement into § 455, the Third Circuit has not yet found any such requirement. <u>See Katzman v. Victoria's Secret Catalogue</u>, 939 F. Supp. 274, 277 (S.D.N.Y. 1996) ("The Second Circuit has read a timeliness requirement into 28 U.S.C. § 455 by reading it in combination with 28 U.S.C. § 144"); <u>Edgar v. K.L.</u>, 93 F.3d 256, 258 (7th Cir. 1996).

Despite these distinctions, because § 455 does not establish any form of procedure for consideration of recusal motions, courts have often looked to 28 U.S.C. § 144, which sets forth a procedure by which a party may seek a judge's recusal. <u>Furst</u>, 886 F.2d at 582. "Thus, we will look to section 144 and our case law under that recusal provision for guidance as to procedure." <u>Id.</u>

13

(citing <u>Johnson v. Trueblood</u>, 629 F.2d 287, 290 (3d Cir.1980) <u>cert. denied</u>, 450 U.S. 999 (1981).

Further, as noted above, §§ 144 and 455 are overlapping provisions, although there are some

differences in their applicability, the test for recusal in both cases is a finding of bias. <u>N'Jai</u>, 2016

WL 3261892, at *2; <u>see also</u> <u>Trueblood</u>, 629 F.2d at 290 ("both statutes require the same type of

bias for recusal").

Similarly, although § 455 does not contain a specific requirement regarding the timing of

a motion for recusal, it achieves the same purpose, ensuring that "motions for recusal are not being

used purely to avoid adverse outcomes", by requiring "the source of bias to be extrajudicial, that

is stemming from a source outside of the proceeding, or of such an intensity as to make a fair trial

impossible." <u>Sandy</u>, 2017 WL 3749749, at *2. As the Supreme Court described, just like § 144,

§ 455 requires that the basis for recusal for bias must be extrajudicial, and further that "judicial

rulings alone almost never constitute a valid basis for a bias or partiality motion." <u>Liteky</u>, 510 U.S.

at 555 (citing <u>United States v. Grinnell Corp.</u>, 384 U.S. 563, 582 (1966)).

> In and of themselves [judicial rulings] cannot possibly show reliance
> upon an extrajudicial source; and can only in the rarest
> circumstances evidence the degree of favoritism or antagonism
> required . . . when no extrajudicial source is involved. Almost
> invariably, they are proper grounds for appeal, not for recusal.

<u>Id.</u> Moreover, because the Third Circuit has not ruled on the issues, I will treat all factual

allegations in the Motion for recusal as true, although as with § 144, "[c]onclusory statements and

opinions" made by a litigant in his 28 U.S.C. § 144 affidavit "need not be credited" <u>Hill v.

Carpenter</u>, 323 Fed. Appx. 167, 170 (3d Cir. 2009). Further, I will not read a timeliness

requirement into § 455 when evaluating the request for recusal. With this standard in mind, I now

turn to the factual allegations contained in the affidavit submitted by the Debtor.

## Analysis

Beginning with § 455(b), neither §§ 455(b)(2) nor (b)(5) are applicable. The Debtor makes no factual allegations related to these subsections about me, and none of these subsections apply to me. I have no relationship to the parties of which I am aware or that has been brought to my attention, and I was not involved in the matter before this Court, as a practicing attorney, nor is any attorney with whom I practiced law. As such, the only remaining portion of § 455(b) that potentially could be relevant, is subsection (1), "Where he has a personal bias . . . concerning a party." 11 U.S.C. § 455(b)(1). Under (b)(1), a party must show actual bias, whereas under (a), merely the appearance of bias is all that is necessary. Syntax-Brillian, 400 B.R. at 26. In this way, § 455(a) not only expands the protection of § 455(b), but duplicates its protection as well. Liteky, 510 U.S. at 552. Thus, because § 455(a) is an objective test and more easily met than having to show a subjective, or actual bias, Furst, 886 F.2d at 582, the only issue is whether "a reasonable man knowing all the circumstances would harbor doubts concerning the judge's impartiality." Syntax, 400 B.R. at 26 (citing Edelstein, 812 F.2d at 131).

Applying this standard to the case before me, the Debtor has not alleged any extrajudicial facts regarding me that would indicate any basis for recusal. Indeed, there are no facts alleged about me apart from those directly related my judicial rulings. As the Supreme Court has stated, "In and of themselves [judicial rulings] cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal." Liteky, 510 U.S. at 555. The Debtor has not alleged facts showing any actual bias, or even the appearance of bias. Thus, I find that the Debtor has not shown a basis for recusal under either §455(a) or (b). Moreover, none of the judicial decisions I have made could be considered to display a "deep-seated antagonism that would make fair judgment impossible" such that recusal

15

would be required.

As discussed above, the Debtor makes numerous allegations regarding decisions I made related to the allowance and reclassification of Claim No. 1. Beyond the fact that these complaints appear to be inconsistent, as the Debtor penned a letter stating he believed these decisions were helpful to his case, these do not form a basis for recusal. Even if these decisions were not helpful to the Debtor, they do not constitute a showing of bias. A similar analysis is applicable to the Debtor's argument that I granted relief from the automatic stay at the April 18 Hearing despite problems with the certifications submitted by Mr. Hahn. The Debtor's complaint is made after the Debtor acknowledged that, ultimately, he wanted that relief too, but was merely objecting to the "mechanics" used in requesting the relief. Indeed, during the hearing I stated that it sounded like the Debtor wanted the State Court Action to move forward and the Debtor replied that that was correct. Dkt. No. 187. Refusing to place form over function, I found that all parties were in favor of stay relief and agreed it was in the best interest of the estate, and I granted the relief. I find that these decisions would not lead a reasonable person, knowing all the circumstances, to harbor doubts concerning my impartiality, particularly given that the Debtor, at some point in time, found each of these decisions to be favorable to him.

Additionally, although there are no specific dates listed in the Recusal Motion, the Debtor spoke at length during April 18 Hearing about technical violations in papers submitted by DiMeos' counsel. The Debtor pointed to this Court's denial of his motion for sanctions as evidence of bias. As noted, Mr. Hahn explained at the April 18 Hearing that he mistakenly stated that Frank Olivio was not admitted to the Federal Bar, when in fact the problem was that Frank Olivio did not have a CM/ECF password and was unable to file motions and responses electronically in this District. As I found the misstatements neither intentional nor material, I granted the motion for relief and denied the Debtor's motion for sanctions.

16

Similarly, my decisions regarding whether to allow a creditor to object to confirmation, or allowing time for a Debtor to respond to the Chapter 13 Trustee's motion to dismiss are not only routine, and legally required, but do not and cannot form a basis for a finding of bias.[1]

As noted above, judicial determinations alone will not establish a basis for recusal. Turning to the Debtor's allegations related to the presence of Court Security Officers, the Court routinely has a Court Security Officer in the courtroom during hearings, and whether a party finds them intimidating is irrelevant, their purpose is to provide security for Court personnel. This does not establish any bias, let alone the deep-seated antagonism necessary to require recusal.

Ultimately, as noted above, none of the factual allegations relate to any extrajudicial source of bias, indicating that there is no basis for recusal. Further, even if I consider the allegations based purely on the Court's judicial rulings, these could not give rise to a showing of bias such that a reasonable man knowing all the circumstances would harbor doubts concerning the judge's impartiality.

As to the remaining allegations, these do not relate to me and hence cannot establish my bias towards or against any party. The Court will merely point out that Judge Donio is not "Judge Poslusny's magistrate", as the Debtor alleges, but is in fact a magistrate judge for the District of New Jersey. Judge Donio was appointed and hears cases pursuant to 28 U.S.C. §§ 631, et. seq. More to the point, Judge Donio has not had any interaction with this case, and has not reviewed or issued any decisions in the Debtor's bankruptcy case. I have had no contact with Judge Donio regarding this case, other than forwarding her a courtesy copy of the Recusal Motion because she was named in it. As such, any relationships she may have does not impact this case. Should any matters in this case be brought before Judge Donio, the Debtor is free to file a motion requesting

---

[1] At the hearing on the motion to dismiss, the Trustee as the moving party, has the burden of proof. In re Wheeler, 503 B.R. 694, 696 (Bankr. N.D. Ind. 2013) (citing In re Love, 957 F.2d 1350, 1355 (7th Cir.1992)).

17

she recuse herself at that time. As Judge Donio has no involvement with this case at this time, the

Recusal Motion as it pertains to Judge Donio is denied.

Additionally, any allegations regarding the Chapter 13 Trustee do not form a basis for me

to recuse excuse myself. Finally, any allegations regarding the conduct of the DiMeos in the State

Court Action are properly addressed to and decided by the state court. This Court does not act as

an appellate court to state courts.

### Conclusion

As there are no extrajudicial factual allegations regarding my impartiality in this matter,

and further given that the allegations regarding my judicial decisions fail to create any doubt as to

my impartiality or indicate any bias at all, the Motion for Recusal is Denied.


Dated:  February 5, 2018

JERROLD N. POSLUSNY, JR.
U.S. BANKRUPTCY COURT JUDGE